## Case No. 3,612.

### DAVIES v. DAVIES.

[2 Cranch, C. C. 105.][1]

Circuit Court, District of Columbia. Nov. Term, 1814.

BONDS—PROOF OF SIGNATURE—COMPETENCY OF WITNESSES.

1. When the subscribing witnesses to a bond reside in a foreign country, evidence of the handwriting of the obligor and subscribing witnesses, will be left to the jury as prima facie, but not conclusive proof, upon the issue of non est factum.

[Cited in Craig v. Reintzel, Case No. 3,336.]

2. A surety in the defendant's administration bond, is a competent witness for the defendant.

Debt on bond. Plea non est factum, and issue.

Mr. Taylor, for plaintiff [John Davies], offered a deposition of the plaintiff's son, to prove the handwriting of the obligor and subscribing witnesses, who resided in London, and were not proved to be dead.

C. Lee, for defendant [Benjamin Davies' executrix], contended that this was not sufficient evidence of the execution of a bond. That it is only in commercial causes that the rule has been relaxed. The subscribing witnesses are supposed to be living, and a commission might issue to take their depositions. There ought at least to be some evidence that the obligor acknowledged the debt. It is certainly not conclusive evidence of the execution of the bond. The delivery is not proved. It is only the opinion of the witness that the signatures of the obligor and subscribing witnesses are genuine.

Mr. Taylor, contra, cited Adam v. Kers, 1 Bos. & P. 360, and Barnes v. Trompowsky, 7 Term R. 265.

THE COURT (THRUSTON, Circuit Judge, absent) permitted the evidence to go to the jury, not as conclusive, but prima facie evidence of the execution of the bond.

THE COURT also permitted Isaac Entwirtle to be examined as a witness for the defendant, although he was her surety in her administration bond; on the authority of the case in Esp. N. P. 163, and the case of Carter v. Pearce, 1 Term R. 163. See, also, Craig v. Reintzel [Case No. 3,336].

---

DAVIES (EMERSON v.). See Cases Nos. 4,436 and 4,437.

DAVIES COUNTY (OGDEN v.). See Case No. 10,455.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]